**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

ARNOLD LYLES, #245713,

        Petitioner,

v.                              Case No. 2:05-CV-70146

ANDREW JACKSON,

        Respondent.

_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Petitioner Arnold Lyles has filed a *pro se* habeas petition pursuant to 28 U.S.C.

§2254.  He subsequently filed a motion for an evidentiary hearing for the purpose of

presenting evidence on the issue of ineffective assistance of counsel.  The court denied

Petitioner's motion, finding that the factual circumstances presented were not those that

would require an evidentiary hearing under 28 U.S.C. 2254(d).  Petitioner has now filed

a timely motion for reconsideration, wherein he provides an explanation relative to three

of the issues the court raised as grounds for denying Petitioner's motion for evidentiary

hearing.  For the reasons stated below, the court will deny the motion.

**I.  BACKGROUND**

Petitioner contends that his trial counsel withheld or failed to locate important

evidence of Petitioner's intoxication during the commission of the crimes for which he

was charged and convicted (i.e., four counts of assault with intent to commit murder and

felony firearm).  Petitioner claims that his trial counsel's failure to investigate and

prepare for trial and sentencing relative to an intoxication defense deprived Petitioner of his Sixth Amendment right to counsel.

Relative to Petitioner's motion for evidentiary hearing, the court concluded that (1) Petitioner failed to develop a factual basis for his intoxication defense in state court, (2) Petitioner has not relied upon, nor has a new rule of applicable constitutional law been presented for the court's review, (3) the toxicology report that Petitioner presented with his motion for evidentiary hearing for the court's review was readily discoverable while his case was pending in state court, and (4) despite evidence of Petitioner's inebriation, he was unable to demonstrate to the court that a reasonable factfinder would not have found Petitioner guilty of the assault and felony firearm offenses.

## II. STANDARD

Local Rule 7.1(h) allows a party to file a motion for reconsideration. E.D. Mich. LR 7.1(h). However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Czajkowski v. Tindall & Associates*, P.C., 967 F.Supp. 951, 952 (E.D.Mich.1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case must result from a correction of any such defect. A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D.Mich.1997).

The standard for granting a motion to alter or amend judgment under Federal Rules of Civil Procedure 59(e) is high. "A motion for reconsideration is not to be used as a means to reargue matters already argued and dispose of." *Waye v. First Citizen's*

2

*Nat'l Bank,* 846 F.Supp. 310, 314 n. 3 (M.D. Pa.), aff'd 31 F.3d 1175 (3d Cir.1994), or as an attempt to relitigate a "point of disagreement between the Court and the litigant." *Id.* The motion may only be granted if (1) there has been an intervening change in controlling law, (2) new evidence, which was not available, has become available, or (3) it is necessary to correct a clear or plain error of law or to prevent a manifest injustice. *Bass v. Wainwright*, 675 F.2d 1204 (11th Cir.1982); *see also Harsen v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985).

### III.  DISCUSSION

Petitioner's motion for reconsideration has not identified any palpable defect in the court's ruling.  Rather, Petitioner simply reiterates his attack on his conviction and the judicial rulings that upheld them.  The focus of Petitioner's motion for reconsideration is to provide an explanation for (1) why he did not state any facts regarding his intoxication at trial, (2) why he had no access to his toxicology report during his state court proceedings, and (3) why the trier of fact could have found that he did not have the requisite intent necessary to commit the assaultive offenses.

Essentially, Petitioner's motion for reconsideration consists of re-argument of facts and issues already addressed by the court.  As set forth above, for a motion for reconsideration to be viable, it cannot rehash previously disposed of issues.  Moreover, even if the court were to give credence to Petitioner's explanations regarding his inability to factually develop his intoxication defense and his inaccessibility to the toxicology report, the fact still remains that there was an overabundance of incriminating evidence against Petitioner in this matter (i.e., eyewitness testimony from several police

3

officers and eyewitness testimony from the victim, who all witnessed the entire incident as well as Petitioner's actions and the way he was conducting himself). Therefore, even if the jury had heard evidence of Petitioner's intoxication at the time of the incident, the court held that it was unlikely that the outcome of Petitioner's trial would have been altered. Petitioner fails to address this issue in his reconsideration motion.

Petitioner instead claims that his blood alcohol concentration was .126% and that should be sufficient to show that a jury would not have convicted him had they known that information. The basis for Petitioner's conclusion is his representation that his blood alcohol concentration (BAC) was "150% higher than the standard for determining if a person who is driving an automobile with that blood alcohol content is a drunk driver." (Pet.'s Mot. at 4).

> "A blood alcohol content of .21 is over the legal limit for operating a motor vehicle in Michigan, and constitutes operating a vehicle under the influence of intoxicating liquor, under MCL 257.625."

*In re Conrad,* 696 N.W.2d 702, 703 (Mich. 2005). According, in part, to Michigan statute:

> the amount of alcohol in the driver's blood, breath, or urine at the time alleged as shown by chemical analysis of the person's blood, breath, or urine gives rise to the following *presumptions*:
>
> * * *
>
> (c) If there were at the time 0.10 grams or more of alcohol per 100 milliliters of the defendant's blood, per 210 liters of the breath, or per 67 milliliters of the defendant's urine, it is *presumed* that the defendant was under the influence of intoxicating liquor.

Mich. Comp. Laws § 257.625a (emphasis added).

If there was .10% or more by weight of alcohol in Petitioner's blood at the time he committed the criminal offenses at issue here, he would have been *presumed,* under

the law governing operation of a motor vehicle, that he was under the influence of intoxicating liquor.  Such a presumption is, however, only permissive, i.e., it can be rebutted.  This ensures that in a prosecution for operating under the influence the burden of proving all elements of the offense beyond a reasonable doubt remains on the prosecution.  *People v. Calvin,* 548 N.W.2d 720 (Mich. Ct. App. 1996).  Also, the presumption is not necessarily as pervasive as Petitioner suggests. The same presumption, for example, "does not apply to the comparative negligence of the plaintiff in a dramshop case where the issue is whether the tavernkeeper has served someone who is 'visibly intoxicated.'" *Scott v. Angie's, Inc.* 396 N.W.2d 429, 435 (Mich. Ct. App. 1986).

In any event, Petitioner's .126% alcohol level was only about 20% higher compared to the .10% threshold  blood alcohol concentration amount.[1]  This reading would raise the presumption of intoxication had he been charged with driving under the influence of alcohol.  *People v. Nerad*, 1998 WL 2001184 (Mich. Ct. App. 1998). Although the defendant in *Nerad* had a blood alcohol concentration one hundredth of a percentage point higher than the Petitioner in this case, during the performance of the defendant's dexterity tests he was able to pass all parts of the test (i.e., alphabet & counting) except for equilibrium.  *Id.*

───────────────

[1] To call .12 "20% *higher than*" .10  is equal to saying that .12 is "120% *of*" that lower reading. It is not 120% higher, or, even worse, *150%* higher, as Petitioner characterizes the math in his pleading. To achieve a reading "*150% higher than*" .10, one would be required to multiply the base reading of .10 by 150% and then add the result of .15 to .10, which equals .25%. Although this terminology is widely – and loosely – used, the court views it as inaccurate. To fail to distinguish the terms would be to conflate "50% higher than" (i.e., 150 is 50% higher than 100) with "150% higher than," etc.

This example correlates with the testimony of the eyewitnesses about Petitioner's physical movements during the incident.  Petitioner was less obviously intoxicated than the defendant in *Nerad,* and it therefore stands to reason that Petitioner was able, by his own account, to (1) testify with clarity and total recall about his account of every detail on the evening of the shooting, (2) physically walk, as he was on foot during this incident, (3) run when he was running alongside the vehicle that the victim was inside of while it was in motion, (4) run while he was  trying to get away from the police, (5) be aware of the police presence and make a decision to flee knowing that he just shot the victim, (6) retrieve his weapon, take aim, and fire at the victim and strike him three times, and (7) hold on to his gun while he was running away from the police officers. (Trial Transcript, Vol. IV, pp. 16-29).

Considering the testimony from the eyewitnesses and Petitioner himself about his physical abilities during the incident, coupled with the fact that his blood alcohol concentration of .126% was not a particularly aggravated level of inebriation, the court does not find Petitioner's reconsideration argument persuasive or within the realm of what the court can consider in granting relief upon such a motion.

Petitioner's motion for reconsideration has not demonstrated any palpable defect in the court's ruling.  Rather, Petitioner attempts to provide a rationale for why his intoxication defense was not factually developed at trial.  This was an issue already addressed in this court's order denying Petitioner's motion for an evidentiary hearing. Thus, Petitioner's motion for reconsideration merely constitutes re-argument.

6

## IV.  CONCLUSION

IT IS ORDERED that Petitioner's "Motion for Reconsideration" [Doc.#31] is

DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, October 31, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522