UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARNOLD LYLES, #245713,

    Petitioner,

v.                                       Case No. 2:05-CV-70146

ANDREW JACKSON,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the court on Petitioner Arnold Lyles's *pro se* "Application for Writ of Habeas Corpus" pursuant to 28 U.S.C. §2254, filed on January 13, 2005. Respondent filed his "Answer in Opposition to Petition for Writ of Habeas Corpus" on July 26, 2005. On September 1, 2005, Petitioner filed a "Reply Brief in Support of Petition for Writ of Habeas Corpus." For the reasons stated below, the court will deny the petition.

**I. INTRODUCTION**

On April 27, 1999, in Wayne County Circuit Court, Petitioner was convicted in a bench trial of four counts of assault with intent to commit murder, Mich. Comp. Laws §750.83, and for possession of a firearm during the commission of a felony, in violation of Mich. Comp. Laws §750.227b. Petitioner was sentenced to concurrent terms of fifteen to thirty years of imprisonment for the assault convictions and a mandatory two years of imprisonment for the felony firearm conviction.

Petitioner challenges the legality of his conviction and raises nine issues for the court's review: (1) whether the prosecutor failed to prove that Petitioner intended to commit murder beyond a reasonable doubt, (2) whether three assault convictions can be supported by evidence that the Petitioner fired no more than two shots in the direction of the police cars, (3) whether the prosecutor failed to prove each element of assault with intent to murder beyond a reasonable doubt, (4) whether the trial judge adequately considered Petitioner's claim of self-defense, (5) whether Petitioner was found guilty against the great weight of the evidence, (6) whether Petitioner received ineffective assistance of trial counsel when his attorney failed to present an intoxication defense, failed to adequately cross-examine certain witnesses, and failed to present evidence that the bullet relied upon to establish the assault with intent to commit murder charge could not be linked to the Petitioner, (7) whether Petitioner received ineffective assistance of appellate counsel when the attorney failed to raise issues regarding ineffective assistance of trial counsel, (8) whether trial counsel failed to adequately prepare for Petitioner's sentencing and (9) whether the trial court erred by disregarding the facts, the circumstances of provocation and the alleged lack of intent in its finding that the Petitioner was guilty of the above stated charges.

Respondent argues, first, that Petitioner is not entitled to habeas relief based upon his insufficiency of evidence claims because the state courts reasonably applied established federal law in determining that the evidence, viewed in a light most favorable to the prosecution, was sufficient to support his conviction. Secondly, Respondent maintains that Petitioner has failed to meet the burden of proof necessary to establish an ineffective assistance of counsel claim.

## II.  BACKGROUND

Several police officers and the victim, Antonio McGhee, testified that Petitioner initiated a confrontation with McGhee.  According to the testimony, Petitioner approached McGhee's parked vehicle on foot at a gas station and opened fire on McGhee, sitting in the driver's seat, striking him multiple times.  Three police officers in a police vehicle just a few yards from the shooting witnessed the entire incident.  The officers got out of their vehicle and sought to apprehend the Petitioner, identifying themselves as police officers.  These officers testified that Petitioner shot at them.  In their pursuit of Petitioner, the officers returned fire and hit Petitioner several times in the leg and once in the upper body.  Petitioner was taken in an ambulance to a hospital where, among other things, toxicology tests were performed that revealed that Petitioner had a blood alcohol concentration of .126% .

Petitioner's account of events is different, though he admits that he did shoot McGhee.  Petitioner claims that McGhee was armed and that MeGhee initiated the altercation.  Petitioner further admits that he fled from the police, denies shooting directly at the police officers and states that he merely fired in their direction to frighten them away. (Trial Transcript, Vol. IV, pp. 16-29; Trial Transcript, Vol. III, p. 24).

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals and raised seven issues:  (1) whether the prosecutor failed to prove that Petitioner intended to commit murder beyond a reasonable doubt, (2) whether three assault convictions can be supported by evidence that the Petitioner fired no more than two shots in the direction of the police car, (3) whether the prosecutor failed to prove each element of assault with intent to murder beyond a reasonable doubt, (4) whether

the trial judge adequately considered Petitioner's claim of defense, (5) whether Petitioner was found guilty against the great weight of the evidence, (6) whether Petitioner is entitled to a corrected Pre-Sentence Report since portions of it were deleted and the court did not have the opportunity to consider the missing information and (7) whether Petitioner received ineffective assistance of trial counsel when his attorney failed to present an intoxication defense, failed to adequately cross-examine certain witnesses and failed to present evidence that the bullet relied upon to establish the assault with intent to commit murder charge could not be linked to the Petitioner.

Petitioner also filed an "In Pro Per Motion to Remand for *Ginther*[1] Hearing" with the Michigan Court of Appeals, which was denied on January 19, 2001.  On July 31, 2001, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion.  *People v. Lyles,* No. 219716, 2001 WL 865097 (Mich. Ct. App. July 31, 2001) (per curiam).  Petitioner filed a motion for rehearing and reconsideration, and his request was denied on October 15, 2001.  Appealing both decisions affirming his conviction and denying his "In Pro Per Motion to Remand for *Ginther* Hearing," Petitioner filed an "Application for Leave to Appeal" with the Michigan Supreme Court.  The Court denied Petitioner's application relative to his request for a *Ginther* hearing.  *People v. Lyles,* 464 Mich. 863; 627 N.W.2d 605 (Table) (Mich. May 29, 2001).  Likewise, Petitioner's "Application for Leave to Appeal" relative to the July 31, 2001 decision of the Michigan Court of Appeals, which raised the same issues as those presented before the Court of Appeals, was denied on April 29, 2002.  *People v. Lyles,*

---

[1]*People v. Ginther,* 212 N.W.2d 922 (Mich. 1973)

4

466 Mich. 855; 643 N.W.2d 576 (Table) (Mich. Apr. 29, 2002).

Petitioner subsequently filed a "Motion for Relief from Judgment" in the trial court, which was denied on September 26, 2003. He appealed that decision to the Michigan Court of Appeals, which was denied on July 9, 2004. On January 13, 2005, Petitioner filed an "Application for Writ of Habeas Corpus," which is presently before the court.

### III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this court's habeas corpus review of state court decisions, and states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F.3d 322, 326 (6th Cir.1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362 (2000). An "unreasonable application" occurs when the state court identifies the correct legal principle from a Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. *Id.* A federal habeas court may not find a state

adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

## IV. DISCUSSION

### A. Sufficiency of Evidence

Six of Petitioner's itemized claims can fairly be consolidated into the single issue of whether there was sufficient evidence presented at trial to sustain Petitioner's conviction. Petitioner contends that there was insufficient evidence to convict him of four counts of assault with intent to commit murder because: (1) the elements of assault with intent to commit murder were not proven beyond a reasonable doubt, (2) there was only evidence of two shots fired at the police officers, (3) there was insufficient evidence to sustain a conviction when paralleled with the great weight of the evidence in Petitioner's favor and (4) there was insufficient evidence to disprove Petitioner's claim that he was acting in self-defense.

A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell,* 209 F.3d 854, 885 (6th Cir.2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this court must determine whether the state court's application of the *Jackson* standard was reasonable. *Dell v. Straub*, 194 F.Supp.2d 629, 647 (E.D. Mich.2002). Section 2254(d) "mandates that federal courts give deferential review to state court decisions on sufficiency of evidence

claims." *David v. Lavinge*, 190 F.Supp.2d 974, 985 (E.D. Mich.2002) (internal citations omitted).

Under Michigan law, the elements of assault with intent to commit murder in Michigan are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder. *See Steele v. Withrow*, 157 F.Supp.2d 734, 740 (E.D.Mich.2001) (citing to *People v. Hoffman*, 570 N.W.2d 146, 150 (Mich. Ct. App.1997)). A conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. *Id.* An intent to kill, for the purpose of the crime of assault with intent to commit murder, need not be proven by direct, positive, or independent evidence, and the trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. See *People v. Taylor*, 375 N.W.2d 1, 7-8 (Mich.1985). The use of a lethal weapon will support an inference of an intent to kill. *Steele*, 157 F.Supp.2d at 740.

Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. *Blanton v. Elo*, 186 F.3d 712, 713, n. 1 (6th Cir.1999) (citing *People v. Heflin*, 456 N.W.2d 10 (Mich.1990)). This right to act in self-defense also includes the right to defend another person. *Johnigan v. Elo*, 207 F.Supp.2d 599, 609 (E.D.Mich.2002) (citing *People v. Curtis*, 18 N.W. 385, 387 (Mich.1884); *People v. Wright*, 181 N.W.2d 649, 651 (Mich. Ct. App.1970)). However, in killing another person in self-defense, a defendant is not entitled under Michigan law to use any more force than is necessary to defend himself. See *People v. Kemp*, 508 N.W.2d 184, 187 (Mich. Ct. App.1993). In addition, under

Michigan law, before using deadly force in self-defense, a person has a duty to retreat if it is safely possible to do so. See *Johnson v. Hofbauer*, 159 F.Supp.2d 582, 602 (E.D. Mich.2001) (citing *People v. Mroue*, 315 N .W.2d 192, 194 (Mich. Ct. App.1981)).

When viewed in a light most favorable to the prosecution, the evidence in this case supported Petitioner's conviction for assault with intent to murder. When Petitioner approached McGhee while the latter was sitting in his vehicle at the gas station, Petitioner brought his gun with him and open fired upon McGhee through the driver's side window, striking him in the arm, shoulder and chest. (Trial Transcript, Vol. IV, pg. 5-11). The chest wound was life threatening as it was dangerously close to McGhee's heart. *Id.* The evidence does not easily support a claim that McGhee was armed[2] nor that he initiated the confrontation between himself and the Petitioner. Eyewitness testimony from three police officers indicated that Petitioner intentionally pointed his loaded handgun at an unarmed victim, aimed at the victim's upper body and head region, pulled the trigger, and fired several shots without warning or provocation. This testimony is more than sufficient evidence from which a reasonable factfinder could find beyond a reasonable doubt that Petitioner actually intended to kill McGhee. See *Johnigan*, 207 F.Supp.2d at 608.

Moreover, in light of the evidence that (1) McGhee was unarmed when Petitioner shot him, (2) there had been no actual struggle or scuffle between Petitioner and the victim immediately prior to the shooting and (3) Petitioner took no steps to retreat or to

---

[2] Petitioner testified that McGhee threatened him and was armed, which prompted Petitioner to shoot McGhee in self-defense, Trial Transcript Vol. IV, pp. 17-18, but no weapon was found on McGhee's person, in his car or around the immediate vicinity of where the shooting took place.

otherwise avoid McGhee, a reasonable factfinder could find beyond a reasonable doubt that Petitioner did not honestly and/or reasonably fear that he was in imminent danger of death or serious bodily harm from McGhee.  *Id.* 609.

Petitioner further argues that he should not have been convicted of assault with intent to commit murder relative to the three police officers at whom he shot because he only fired two shots and because he claims that his intent was not to strike the police officers, but only to frighten them.  (Trial Transcript, Vol. IV, pp. 16-29; Trial Transcript, Vol. III, p. 24).  As previously stated, the use of a lethal weapon will support an inference of an intent to kill.  *Steele*, 157 F.Supp.2d at 740.  Moreover, "under any number of permutations the two bullets - even a single bullet - could have caused the deaths of all three officers."  *People v. Lyles,* No. 219716, 2001 WL 865097, *1, FN2. (Mich. Ct. App. July 31, 2001) (per curiam).

> For example, a lone shot could have struck the gas tank of a vehicle resulting in a[ ] deadly explosion.  Certainly the officers were all in fear for their lives, each testifying that they ducked for cover within and behind their vehicle.  Defendant's reckless indifference for the lives of any and all of the three officers sufficiently supports the convictions.

*Id.*

Therefore, Petitioner's claim that his conviction was not supported by constitutionally sufficient evidence because the prosecution failed to disprove his defense of self-defense and failed to prove that he acted with an intent to kill is without merit.  See *Johnigan,* 207 F.Supp.2d at  610.

### B. Ineffective Assistance of Trial Counsel

Petitioner next alleges that he is entitled to habeas relief because defense counsel was ineffective for failing to (1) introduce an intoxication defense at trial and

9

during sentencing, (2) adequately cross-examine an eye-witness who made a statement to the police following the shooting that she saw a man in a car shooting at the police, (3) adequately cross-examine an evidence technician who could have possibly proffered more testimony regarding the evidence collected from the crime scene and (4) present evidence that one of the bullets fired to support the multiple counts of assault with intent to commit murder could not be linked to Petitioner's gun.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient, which requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.*, 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, Petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that

is sufficient to undermine confidence in the outcome. *Id* . "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir.1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals in this case ruled that counsel was not ineffective. The court determined that:

> neither more extensive cross-examination of the disputed witness nor additional proofs regarding the .38 slug would have contradicted the overwhelming eye-witness testimony that illustrated defendant's guilt. Moreover, the record wholly fails to support defendant's theory of intoxication.[3]

*People v. Lyles,* No. 219716, 2001 WL 865097, *2 (Mich. Ct. App. July 31, 2001) (per curiam). The court agrees.

Further, as previously discussed, Petitioner contends that trial counsel was ineffective for failing to raise an intoxication defense at his sentencing, which Petitioner argues was a result of trial counsel's lack of preparation and investigation. A defendant has a constitutional right to the effective assistance of counsel at sentencing. *Arredondo v. United States*, 178 F.3d 778, 788 (6th Cir.1999) ("[A] failure to investigate, participate

---

[3]Considering the testimony from the eye-witnesses and the Petitioner himself about his physical abilities during the incident (e.g., walking, running, shooting, awareness, ability to recall, etc.) and the fact that Petitioner's blood alcohol concentration of .126% was not a particularly aggravated level of inebriation, the record does not support a viable intoxication defense. (Trial Transcript, Vol. IV, pp. 16-19); *see Long v. Coates,* 806 P.2d 1256, 1259 (Wash. App. 1990) ("individuals with blood alcohol levels *well* above .1% will be so impaired they are unable to form an intent.") (emphasis added). Petitioner's blood alcohol concentration of .126% is approximately 20% higher than .1%, which the court does not view as *well* above the .1% threshold.

11

in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel."). With respect to a defendant's efforts to demonstrate prejudice arising from ineffective assistance of counsel in the context of a noncapital sentencing, a habeas court must determine whether there is a probability that, but for counsel's deficiency, the defendant's sentence would have been "significantly less harsh." *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995).

Having reviewed the record, the court concludes that the Michigan Court of Appeals' decision is neither contrary to, nor an unreasonable application of, established Supreme Court precedent for the reasons set forth above. Moreover, defense counsel cannot be deemed ineffective for failing to assert the meritless defense of intoxication, as explained above, during the trial proceedings or at the sentencing stage. *See, e.g., Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir.2001). Accordingly, habeas relief is not warranted on these claims.

### C. Ineffective Assistance of Appellate Counsel

Petitioner lastly claims that appellate counsel was ineffective for failing to raise some of his ineffective assistance of trial counsel claims on his direct appeal. The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). An attorney's failure to present a nonmeritorious issue on appeal does not constitute ineffective assistance of counsel. *Daniel v. Overton*, 845 F.Supp. 1170, 1176 (E.D. Mich.1994).

Because Petitioner has failed to show that his trial counsel was ineffective, Petitioner is unable to establish that appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claims on his appeal of right. See *Johnson v. Smith*, 219 F.Supp.2d 871, 883 (E.D. Mich.2002). Accordingly, Petitioner is not entitled to habeas relief on his final claim.

## V. CONCLUSION

IT IS ORDERED that the "Application for Writ of Habeas Corpus" [Doc. #1] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 27, 2007, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522