UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ARNOLD LYLES, #245713,

       Petitioner,

                                      Case No: 2:05-CV-70146

v.

ANDREW JACKSON,

       Respondent.

_____/

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY AND GRANTING PETITIONER'S MOTION
FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

On February 27, 2007, the court issued an opinion and order denying Petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. §2254. Pending before the court is Petitioner's motion for a certificate of appealability, which was filed on March 8, 2007. For the reasons stated below, the motion for a certificate of appealability will be denied.

**I. BACKGROUND**

Several police officers and the victim, Antonio McGhee, testified that Petitioner initiated a confrontation with McGhee. According to the testimony, Petitioner approached McGhee's parked vehicle on foot at a gas station and opened fire on McGhee, sitting in the driver's seat, striking him multiple times. Three police officers in a police vehicle just a few yards from the shooting witnessed the entire incident. The officers got out their vehicle and sought to apprehend the Petitioner, identifying

themselves as police officers. These officers testified that Petitioner shot at them. In their pursuit of Petitioner, the officers returned fire and hit Petitioner several times in the leg and once in the upper body. Petitioner was taken in an ambulance to a hospital where, among other things, toxicology tests were performed that revealed that Petitioner had a blood alcohol concentration of .126%.

Petitioner's account of events is different, though he admits that he did shoot McGhee. Petitioner claims that McGhee was armed and that McGhee initiated the altercation. Petitioner further admits that he fled from the police, denies shooting directly at the police officers and states that he merely fired in their direction to frighten them away. (Transcript, Vol. IV, pp. 16-29; Trial Transcript, Vol. III, p. 24.)

Petitioner was convicted of four counts of assault with intent to commit murder and for possession of a firearm during the commission of a felony.

## II.  STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To demonstrate this denial, the applicant is required to show that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). In applying the standard, a district court may not conduct a full merit review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.

*Miller-El v. Cockrell,* 537 U.S. 322, 336-37 (2003). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel,* 529 U.S. at 484. When a district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial or a constitutional right, and that jurists of reason should find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484-85.

### III.  DISCUSSION

#### A.  Ineffective Assistance of Trial Counsel

Petitioner first alleges that his trial counsel was ineffective for failing to present the defense of intoxication, as it would have served as a mitigating factor relative to the element of intent in his four counts of assault with intent to commit murder convictions. As explained in the court's February 27, 2007 opinion and order, in order to successfully prove a claim for ineffective assistance of counsel, the petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). A strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance" must be indulged. *Id.* at 689; see also *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir. 1974). It is also important to note that "judicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. at 689.

Although Petitioner was apparently intoxicated, as stated by the court in greater detail in the opinion and order denying the petition for writ of habeas corpus, there was evidence that Petitioner was capable of walking, running, shooting, recalling events, etc., which suggested that Petitioner was not so intoxicated as to be incapable of forming the requisite intent for committing an assault with the intent to commit murder. (2/27/07 Order at 9-12). Therefore, intoxication was not a substantial defense and Petitioner probably would not have been acquitted if he had raised the defense at trial.

Petitioner argues that there was no evidence indicating how well Petitioner could walk, run, shoot, recall events, etc., which poses an issue that is debatable amongst jurists. The court disagrees. As previously stated, it is not the role of this court to assess the evidence, testimony and other full merit review arguments relative to Petitioner's claims. Rather the court is only concerned with assessing whether Petitioner's constitutional claim of ineffective assistance of counsel is debatable or wrong. Therefore, delving into how well Petitioner was walking or running at the time of the incident is not an issue for this court's review under the certificate of appealability analysis. As such, granting a certificate of appealability for this claim would be improper.

### B. Ineffective Assistance of Appellate Counsel

Since an appellate attorney's failure to present a non-meritorious issue on appeal does not constitute ineffective assistance of counsel, *Daniel v. Overton,* 845 F.Supp. 1170, 1176 (E.D. Mich. 1994), and the court finds that the issue of ineffective assistance of counsel is non-meritorious for the reasons set forth above, the court concludes that Petitioner has failed to make a substantial showing of the denial of the constitutional

4

right to appellate counsel during his direct appeal. Accordingly, a certificate of appealability will not issue relative to this claim.

### C. Sufficiency of Evidence

Petitioner lastly contends that there was insufficient evidence of assault with intent to commit murder relative to the three police officers at whom he was convicted of shooting because it was not his intent to kill them, but only to instill fear in the officers so that they would leave him alone. Additionally, Petitioner argues that since he only fired two shots, his intent could not have been to kill three officers. Petitioner asserts that this issue is debatable among jurists. The court disagrees.

The record reveals that the prosecution presented ample evidence, including testimony from each of the police officers and the McGhee, to establish that Petitioner assaulted the police officers with the intent to commit murder. The court concluded, for reasons stated in greater detail in its original opinion and order denying Petitioner's habeas petition, that any rational trier of fact could have found the essential elements of assault with intent to commit murder beyond a reasonable doubt. (2/27/07 Order at 6-9); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979). The court's conclusion, in light of the evidence that was presented in this case would not be debatable among reasonable jurists, and the Petitioner is therefore not entitled to a certificate of appealability on this claim. See *Williams v. Puckett,* 283 F.3d 272, 277-78 (5th Cir. 2002).

### D. *In Forma Pauperis*

Additionally, Petitioner has filed a "Motion for Leave to Proceed *In Forma Pauperis.*" Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a

district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. §1915(a)(3). The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although the court declines to issue a certificate of appealability, the court cannot conclude that Petitioner's claims are frivolous. Accordingly, the court will grant Petitioner's motion for leave to proceed on appeal *in forma pauperis*.

### IV. CONCLUSION

IT IS ORDERED that the "Motion for Certificate of Appealability" [Dkt. # 37] is DENIED.

IT IS FURTHER ORDERED that the "Motion for Leave to Proceed *In Forma Pauperis.*" [Dkt. # 38] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 1, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522